STATE OF HAWAII, Plaintiff-Appellee,
v.
GERALD SIAMANI SIAMANI, Defendant-Appellant.
No. 28495.
Intermediate Court of Appeals of Hawaii.
May 16, 2008.
Phyllis J. Hironaka, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

MEMORANDUM OPINION
FOLEY, Presiding Judge, NAKAMURA and LEONARD, JJ.
Defendant-Appellant Gerald Siamani Siamani (Siamani) appeals from the Notice of Entry of Judgment and or/Order filed March 20, 2007 in the District Court of the First Circuit, Honolulu Division (district court).[1] On March 9, 2007, the district court heard and granted the Motion for Revocation of Probation and Resentencing (Motion for Revocation) filed by the State of Hawai'i (State) on October 20, 2004, revoked Siamani's probation, and resentenced him to ninety days of jail nunc pro tunc from March 4, 2007.
On appeal, Siamani argues that the district court (1) erred in denying his oral motion to dismiss, which was based on the State's failure to serve the bench warrant on him "without unnecessary delay" as required by Hawai'i Rules of Penal Procedure (HRPP) Rule 9 (1994), and (2) violated his due process rights under both the Hawai'i and United States Constitutions by denying his motion.

I. BACKGROUND
Honolulu Police Officer Lum arrested Siamani on May 25, 2004 for Terroristic Threatening in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-717 (1993).[2] On the same date, the district court filed a Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee. On July 20, 2004, Siamani pled no contest to the charge. Pursuant to a plea agreement between Siamani and the State, the district court[3] sentenced Siamani to one year of probation on the following conditions:
THE COURT: Alright, okay, [Siamani], this is what the Court's gonna do based on what we know of each other since we first saw you. The Court's gonna put you on probation, place you on probation and order that you undergo mental health assessment and treatment and substance abuse assessment and treatment if deemed appropriate, you know, if you're deemed appropriate by the probation officer, and bottom line here, the Court wants to see you have, try to get some help here, so that's why we'll put you on probation. We're gonna try to see if we can help you out, alright.
And then, of course, twenty says jail, credit for time served. So you don't have to worry about that.
. . . .
THE COURT: Okay, listen up, I gotta read to you all the conditions, okay? Alright, and make sure you report to your probation officer whenever the probation officer order you, and you are not to leave the island unless you first get permission to leave from the probation officer.
You shall report any change of address, telephone number or employment to your probation officer before any change. You shall properly notify your probation officer if you are arrested or questioned by a law enforcement officer. You shall permit the probation officer to visit you at your home and any other places specified by the court at all reasonable times. And lastly, you shall sign a waiver of extradition.
But most important thing, [Siamani], here, you need to stay in touch with the probation officer cause he's the person that's gonna be working with you and we want you to come back here so we can check up and see how you doing.
. . . .
Okay, [Siamani], our first meeting you come back here so we can see how you doing, alright. So, our first meeting is October 20. We'll give you the paper so you know. Alright, October 2 0 you come back here, and as long as you're complying, [Siamani], nothing changes.
Neither Siamani nor his counsel appeared at the interim Proof of Compliance (POC) hearing held on October 20, 2004. At the POC hearing, Probation Officer Takahashi represented that Siamani (1) was not present; (2) had incurred a subsequent offense, which at that time was pending; (3) had failed to keep an appointment with the probation office; and (4) had failed to submit any verification of treatment. The State filed in open court the Motion for Revocation based on Siamani's failure to comply with the terms and conditions of his probation. At the State's request, the district court ordered issuance of a bench warrant, set bail at $1,000, and set aside the remaining POC hearings.[4]
On March 5, 2007, just over two years and four months later, Siamani appeared in custody before the district court on the bench warrant. The district court confirmed bail and set the matter for hearing on March 9, 2007.
At the March 9, 2007 hearing on the State's Motion for Revocation, Siamani made an oral motion to dismiss and argued that the State had not shown it used due diligence in serving the warrant on him or that the warrant had been executed "without unnecessary delay," as required by HRPP Rule 9.[5] The defense proffered that after the bench warrant had been issued, Siamani was arrested and charged with a felony offense in Cr. No. 05-1-2422 and he made various appearances in this felony case in circuit court from November 28, 2005 through February 22, 2007, but he was not served with the bench warrant. After Siamani's argument, the district court denied his motion to dismiss, finding that the time period for the State to serve the warrant within a reasonable time was tolled during the period of time Siamani was in violation of the terms and conditions of his probation; the State's conduct was reasonable under the circumstances; and if Siamani had complied with his probation terms and conditions, the bench warrant would have been able to be served on a timely basis. The district court granted the State's Motion for Revocation and resentenced Siamani to ninety days of jail nunc pro tunc from March 4, 2007.
Siamani filed a timely notice of appeal on April 5, 2007.

II. DISCUSSION
Both parties cite to State v. Owens, 113 Hawai'i 472, 155 P.3d 655 (App. 2007) (Owens I), in their briefs. After briefing had been completed in the instant case, the Hawai'i Supreme Court reversed Owens I. State v. Owens, 116 Hawai'i 172, 173, 172 P.3d 484, 485 (2007) (Owens II).
The district court based its denial of Siamani's motion to dismiss on events that happened prior to issuance of the bench warrant:
[T]he Court is finding that the State's conduct was reasonable under the circumstances due to [Siamani's] failure to report to his probation officer on a regular basis or even keep the very first appointment, let alone not advising him of any subsequent arrest or subsequent change of address, and had he done so as he was obligated to do so as part of his original sentencing, the bench warrant would have been able to be served on a timely basis.
The Owens II decision makes it clear that events that predate the issuance of a warrant are not to be considered a factor in assessing compliance with the requirement of HRPP Rule 9 that warrants be served "without unnecessary delay." The supreme court stated:
This court has never held that delay in serving the warrant under HRPP Rule 9 because of alleged pre-warrant issuance conduct is to be considered in determining whether a warrant subsequently issued was served with unnecessary delay. The reason is obvious. To hold otherwise would render HRPP Rule 9 a nullity. The HRPP Rule 9 requirement that unnecessary delay be avoided refers to delay in serving the warrant and, thus, such delay is measured after the warrant is issued.
116 Hawai'i at 179, 172 P.3d at 491 (emphasis in original).
In State v. Mageo, 78 Hawai'i 33, 889 P.2d 1092 (App. 1995), this court affirmed a district court ruling that an unexplained delay of over two years in serving a penal summons was an unreasonable delay in violation of HRPP Rule 9.
Applying the [State v. Moriwake, 65 Haw. 47, 647 P.2d 705 (1982)] standard, we acknowledge the State's interest in punishing criminal conduct. That is clearly outweighed, however, by the State's failure to timely prosecute and by the impact on the orderly functioning of the court system. There was a delay of over two years from the issuance of the penal summonses to the prosecution of the case. No explanation for the delay appears in the record. The State offered no written memoranda or oral offer of proof at the hearing to explain the delay, and the record is devoid of any reason for delay in service of the summonses. Unreasonable delay in the determination of a criminal action subverts the public good and disgraces the administration of justice. The record indicates Defendant was available for service in the jurisdiction over the period of non-prosecution and there is no evidence Defendant intentionally avoided service. Under such circumstances, the district court's exercise of its discretion was not arbitrary or without reason and was within the parameters set forth in Moriwake.

Id. at 38-39, 889 P.2d at 1097-98 (internal quotation marks, citation, brackets, and footnote omitted).
The Hawai'i Supreme Court has declined to establish a bright-line rule as to what constitutes an unreasonable delay. Owens II, 116 Hawai'i at 178 n.8, 172 P.3d at 490 n.8. The test the supreme court has articulated for determining if a delay in serving warrants is unreasonable is whether the defendant was amenable to service of the warrants during the period they were outstanding and whether there was a reason for delay in serving the warrants. This determination involved inquiry into whether the defendant was available for service while the bench warrants were outstanding, whether there was indication in the record that the defendant intentionally avoided service, whether the prosecution could adduce any evidence that it attempted to serve the defendant during that time; and whether the prosecution could establish that an attempt to serve the defendant would have been futile.
Id. at 178, 172 P.3d at 490 (internal quotation marks, citations, and brackets omitted).
The Record on Appeal contains no evidence that Siamani intentionally avoided service or had been outside the State of Hawai'i, and the State did not adduce any evidence that it had attempted to serve Siamani or that an attempt to serve him would have been futile. Indeed, the record indicates that Siamani made appearances in circuit court on a felony charge while the bench warrant remained unserved. The only offer of proof of due diligence by the State was made after the district court had already denied Siamani's motion for dismissal:
[State]: Your Honor, just briefly. The State wanted to, actually, for its own record, lay a brief argument. I know the Court has made its finding. It seems that the Court has indicated that the finding is based on the burden shifting over to the defendant.
The State would argue that, in fact, that the burden is, has not been, in fact, shifted to the defendant, that the State feels that the reason why there's no Rule 9 violation is there's no designated two-year period as the cutoff, it's unnecessary delay. By the defendant's non-compliance with, that was the reason for, the delay was necessary because of defendant's actions.
The State's argument that Siamani's non-compliance with the terms and conditions of his probation prior to issuance of the bench warrant created a necessary delay is contrary to the holding in Owens II and provides nothing in the way of justification for the two-year, four-month delay in serving the warrant. The State failed its burden of showing that the delay was necessary. The district court erred in denying Siamani's motion to dismiss.

III. CONCLUSION
Based on the foregoing, the Notice of Entry of Judgment and or/Order filed March 20, 2007 in the District Court of the First Circuit, Honolulu Division, is reversed.
NOTES
[1] The Honorable Peter Stone presided.
[2] HRS § 707-717 (1993) provides:

§ 707-717 Terroristic threatening in the second degree. (1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.
(2) Terroristic threatening in the second degree is a misdemeanor.
[3] The Honorable Fa `auuga To `oto'o presided.
[4] A copy of the bench warrant is not included in the Record on Appeal.
[5] HRPP Rule 9 (Obtaining the appearance of defendant) sets forth the procedures for issuing and for serving penal summonses and warrants.